**In re Asad HAROON, Debtor.**

**No. 98–16825–RGM.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

March 31, 2004.

Nathan Andrew Fisher, Fairfax, VA, Richard G. Hall, Annandale, VA, for debtor.

Donald F. King, Odin, Feldman & Pittleman, Fairfax, VA, trustee.

## MEMORANDUM OPINION

ROBERT G. MAYER, Bankruptcy Judge.

This case is before the court on a rule to show cause why California Student Aid Commission ("CSAC") should not be held in civil contempt for attempting to collect a debt in violation of the discharge injunction. 11 U.S.C. § 524. The parties addressed the issue of who carried the burden of proof as to the dischargeability of the debt. The court concludes that the burden of proof is split between the parties. The creditor carries the initial burden of proving that the debt is an educational loan as provided for in 11 U.S.C. § 523(a)(8). Once the debt is determined

to be an educational loan, the burden shifts to the debtor to prove that the debt falls outside the exception because repayment would constitute an undue hardship or because it is outside the seven-year period then in effect.[1]

Asad Haroon filed bankruptcy under chapter 7 of the Bankruptcy Code on September 16, 1998, and was granted a discharge under § 727 on December 25, 1998. His case was closed on January 12, 1999. Almost four and a half years later, he moved to reopen his case. He asked the court to issue a rule against CSAC and its collection agent, Van Ru Credit Corporation, to show cause why they should not be held in contempt for attempting to collect a discharged debt in violation of § 524 of the Bankruptcy Code. The debtor claimed that the debt was discharged in his bankruptcy case because the student loan first came due for repayment more than seven years before filing his chapter 7 petition, a provision then in effect but now repealed. The motion to reopen was granted and the rule was issued.

The principal question is who bears the burden of proof as to the dischargeability of the debt. The debtor argued that the creditor bears the burden of proof as to whether the debt was discharged because the parties were before the court on a rule to show cause. CSAC argued that the debtor bears the burden of proof as to the dischargeability of the debt because student loans are presumed not to be discharged.

 They both are right in part and wrong in part. The manner in which the issue comes before the court is not relevant. The burden of proof remains the same whether the issue is brought before the court on a complaint to determine dischargeability—whether filed by the creditor or by the debtor—or on a rule to show cause. Nor is there a presumption that a student loan is or is not discharged. All debts are discharged unless they fall within an exception to discharge and that determination is made without resort to presumptions. Unfortunately, the term "presumption" is sometimes used when what is really meant is that the burden of proof rests with one party or the other. Neither § 523 nor § 727 create a presumption. While the result is frequently the same in a student loan dischargeability case, the idea of a presumption evokes the idea that the presumption may be overcome. If the presumption is overcome, then the underlying burden of proof must be met. In a student loan dischargeability case, if there were a presumption of non-dischargeability, the debtor would not have to prove undue hardship or, as in this case, the seven-year period, by the preponderance of the evidence, he would only have to overcome the presumption of non-dischargeability

---

1. In 1998, when the bankruptcy was case was filed, § 523(a)(8) provided:
 (a) A discharge under section 727 ... does not discharge an individual debtor from any debt—
 (8) for an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in party by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship, or stipend, unless

(A) such loan, benefit, scholarship, or stipend overpayment first became due before more than 7 years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition; or
(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.

which could be accomplished by less than the preponderance of the evidence. Then the student loan creditor would have the burden of going forward and the ultimate burden of proving the undue hardship or the seven-year period. This, of course, is not the case and it is better to analyze the matter in terms of burden of proof rather than presumption.

The better approach to determining the burden of proof is to look to sections 523, 524 and 727 all of which must be read together. Section 727(b) plainly states that all debts that arose before the date of the order of relief are discharged unless they fall within § 523. The plain language of Section 523(a) re-enforces the broad discharge of § 727 by expressly limiting its effect. Section 524 then describes the effect of the discharge.

██ Generally, a creditor must file a complaint in the bankruptcy court during the pendency of the bankruptcy case to determine whether a debt falls within a § 523 exception. 11 U.S.C. § 523(c). If no complaint is timely filed, the exception is lost and the debt is discharged under § 727. This procedure is not applicable to all exceptions to discharge enumerated in § 523. One type of debt for which this procedure is not required is a student loan under § 523(a)(8). A student loan creditor is not required to seek a dischargeability determination during the pendency of the bankruptcy case. The failure to seek a dischargeability determination does not alter the fact that the debt is or is not discharged upon entry of the discharge order. It merely avoids a judicial declaration of that fact at that time. For example, if the student loan in this case were more than seven years old, as defined by now-repealed § 523(a)(8)(A), it was discharged on December 25, 1998, notwithstanding that no one requested that the court determine the status of the loan during the pendency of the bankruptcy case. The parties' rights were fixed at that time and, if the debt was discharged, the creditor was barred from collecting it. The fact that they may not have agreed as to what that status was is immaterial. The status, although perhaps unknown to the parties or disputed by them, was fixed by the discharge order. Neither was obligated to commence a dischargeability action to resolve that issue and the failure to do so did not alter the status of the debt.

██ There are ramifications from not seeking a dischargeability determination, that is, whether the debt falls within an exception of § 523. One ramification is that a creditor who attempts to collect the debt proceeds at his own peril and accepts the consequences of his own actions. If a creditor wants to avoid the adverse consequences of an erroneous analysis, he can come to this court at any time, even after the case has been closed, and seek an adjudication of the dischargeability issue. 4 Collier on Bankruptcy, ¶ 523.04 (15th ed. revised 2004). If he fails to do that and seeks to collect the debt, the debtor may use a show cause order to have this determination made. If the creditor is wrong and the debt was discharged, he has violated § 524.

The fact that this case deals with a student loan does not change the situation. When a creditor brings a post-petition suit to collect a pre-petition debt, he is asserting *sub silento* that the debt is outside the parameters of the discharge, in the case of a student loan by virtue of § 523(a)(8). While the former debtor may not contest this proposition, he has the opportunity to defend himself on any appropriate basis. He may, for example, challenge whether the debt was a student loan or was a loan obtained for a different purpose, whether there was an undue hardship or, before the

amendment to § 523(a)(8), whether the loan was outside the seven-year period.

■■■ A creditor suing post-petition on a pre-petition debt bears all of the traditional burdens of proving his case, such as the existence of the debt, liability on the debt, default and the amount due. If placed in issue, he also has additional elements that he must prove that arise from the bankruptcy and the discharge order. In the case of a student loan, he bears the initial burden of proving that the debt was incurred for educational purposes. *See Chisari v. Florida Dep't of Education (In re Chisari)*, 183 B.R. 963, 966 (Bankr.M.D.Fla.1995). Once the debt is determined to be an educational loan, the burden shifts to the debtor to prove that it falls outside the seven-year period or that it imposes an undue hardship. *Id.* at 967 (debtor bears the burden of proving debt is outside the seven-year period); *Bachner v. Illinois (In re Bachner)*, 165 B.R. 875, 880 (Bankr.N.D.Ill.1994) (debtor bears the burden of establishing that the educational loan first came due outside the seven-year period or imposes an undue hardship); *Woodcock v. Chemical Bank, NYSHESC (In re Woodcock)*, 45 F.3d 363, 367 (10th Cir.1995)(debtor bears the burden of proving undue hardship); *Weir v. Paige (In re Weir)*, 296 B.R. 710, 714 (Bankr.E.D.Va.2002)(the burden of establishing student loans are dischargeable is on the debtor). *See also* 4 Collier on Bankruptcy, ¶ 523.04 (15th ed. revised 2004).

■■ In the present case, all parties are in agreement of the obvious: the debt in question is a student loan. The debtor claimed that the student loan was discharged on December 25, 1998 when the discharge order was entered because it first became due more than seven years prior to his filing. Just as it would be the debtor's burden to show undue hardship, it is also his burden to show that the seven-year rule is applicable. The fact that the present case was brought as a rule to show cause does not change where the burden lies. If the debtor had brought this action originally as an adversary proceeding for the determination of dischargeability under § 523(a)(8)(A) or (a)(8)(B), the burden would have been the same.

### Conclusion

The burden of proof is on CSAC to prove the debt was a loan for educational purposes. The parties stipulated as to this element. The burden is then on the debtor to prove by a preponderance of the evidence that the debt was discharged because it fell within the exception to the exception to discharge under the former § 523(a)(8)(A). He did not sustain his burden. The debt was not discharged by the discharge order dated December 25, 1998 and the rule will be dismissed.